UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

THE UNITED STATES OF AMERICA f/u/b
ACCESS COMMUNICATIONS GROUP, LLC,
a Texas limited liability company,

    Plaintiff,

v.                                                            Case No: 3:22-cv-00152

SLSCO, Ltd., a Texas limited partnership and
HARTFORD FIRE INSURANCE COMPANY,
a Connecticut corporation, HARTFORD CASUALTY
INSURANCE COMPANY, a Connecticut corporation,
and TRAVELERS CASUALTY AND SURETY COMPANY,
a Connecticut corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff, THE UNITED STATES OF AMERICA f/u/b, ACCESS COMMUNICATIONS GROUP, a Texas limited liability company ("Access Communications") sues Defendants, SLSCO, LTD., a Texas limited partnership ("SLSCO") and HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation ("Hartford Fire"), HARTFORD CASUALTY INSURANCE COMPANY, a Connecticut corporation ("Hartford Casualty"), and TRAVELERS CASUALTY AND SURETY COMPANY, a Connecticut Corporation ("Travelers Casualty") (collectively referred to as "Sureties"), and as grounds for and in support thereof states as follows:

## PARTIES

1. Plaintiff, Access Communications is a limited liability company organized and existing under the laws of the State of Texas.

2. Defendant SLSCO is a limited partnership organized and exists under the laws of the State of Texas.

1

3. Defendant Harford Fire is a corporation and exists under the laws of the State of Connecticut.

4. Defendant Harford Casualty is a corporation and exists under the laws of the State of Connecticut.

5. Defendant Travelers Casualty is a corporation and exists under the laws of the State of Connecticut.

## JURISDICTION AND VENUE

6. Defendant SLSCO is subject to the jurisdiction of this Court as it has breached a contract in the State of Texas.

7. Defendant Hartford Fire is subject to the jurisdiction of this Court because it breached a payment bond in the State of Texas and regularly conducts substantial and non-isolated business activities in the State of Texas through the issuance of insurance and bonds within the state, including for the project that is at issue in this case.

8. Defendant Hartford Casualty is subject to the jurisdiction of this Court because it breached a payment bond in the State of Texas and regularly conducts substantial and non-isolated business activities in the State of Texas through the issuance of insurance and bonds within the state, including for the project that is at issue in this case.

9. Defendant Travelers Casualty is subject to the jurisdiction of this Court because it breached a payment bond in the State of Texas and regularly conducts substantial and non-isolated business activities in the State of Texas through the issuance of insurance and bonds within the state, including for the project that is at issue in this case.

10. Defendant SLSCO, as the prime contractor, entered into an agreement (the "Prime Contractor") with the U.S. Army Corps of Engineers, Albuquerque District ("U.S. Army Corps of

Engineers") to perform construction in connection with the El Paso 1 (46 miles), FY19 Pedestrian & Vehicle Fence Replacement Project, Contract number W912PP19C0018, to be constructed at Columbus, New Mexico (hereinafter referred to as the "Project").

11. The El Paso 1 (46 miles), FY19 Pedestrian & Vehicle Fence Replacement Project is a public work of the Federal Government.

12. The Project spans forty-six (46) miles along the border spanning through New Mexico and West Texas.

13. The work for the Project was performed by Plaintiff Access Communications at Columbus, New Mexico.

14. The U.S. Army Corps of Engineers is an agency of the United States of America. Construction contracts issued by U.S. Army Corps of Engineers are subject to the provisions of 40 U.S.C.A. Section 3131, *et seq*.

15. The Subcontractor *Master Services Agreement* and *Purchase Orders* for the work between Plaintiff Access Communications and Defendant SLSCO and Defendant Sureties exceeds the amount of two million and seventy hundred thousand dollars ($2,700,000.00). [*See Exhibit A, Master Services Agreement; Exhibit B, Purchase Orders*].

16. In connection with the Prime Contract and pursuant to 40 U.S.C. Section 3131, *et seq*. between U.S. Army Corps of Engineers and Defendant SLSCO and pursuant to its requirements, Defendant SLSCO as principal, and Defendant Sureties as bond sureties, executed and delivered a construction payment bond provided and described by 40 U.S.C. Section 3131, *et seq*. for the Project Bond Numbers: Hartford/46BCS1B0120 – Travelers/107149922 on the Project (hereinafter referred to as the "Payment Bonds"). Plaintiff Access Communications does not have

in its possession a copy of the Payment Bond, however, upon information and belief Defendant SLSCO and Defendant Sureties possess a copy of the Payment Bond.

17. This Court has subject matter jurisdiction of this action under and by virtue of the *Miller Act*, 40 U.S.C. Section 3131, *et seq*. To the extent that this Complaint includes state law claims, the Court has pendent jurisdiction and supplemental jurisdiction over these claims alleged pursuant to 28 U.S.C.§ 1367.

## GENERAL ALLEGATIONS

18. The Payment Bonds name Defendant Hartford Fire, Defendant Hartford Casualty, and Defendant Traveler as sureties for the obligation of the Payment Bonds.

19. Pursuant to 40 U.S.C. Section 3131, *et seq.*, the Payment Bonds serve as protection for all personal supplying labor and material in the prosecution of the work provided for in the Prime Contract between Defendant SLSCO and U.S. Army Corps of Engineers.

20. On or about November 13, 2020, Defendant SLSCO entered into a *Master Services Agreement* with Plaintiff Access Communications, whereby Plaintiff Access Communications agreed to provide certain labor, tools, equipment, taxes, insurance, supervision, services and other work in connection with the construction of the Project, including, without limitation, work pertaining to the El Paso 1 (46 miles), FY19 Pedestrian & Vehicle Fence Replacement Project (the "Subcontract"), in consideration of payment by Defendant SLSCO. A true copy of the Master Services Agreement is attached hereto as Exhibit "A".

21. Throughout its performance of its work on the Project, Plaintiff Access Communication performed all of the work that it was obligated to perform under the Subcontract and submitted all applications for payment to Defendant SLSCO in accordance with the *Master*

*Services Agreement* and *Purchase Orders*. [*See Exhibit "A", Master Services Agreement*; *Exhibit "B", Purchase Orders*].

22. On or about May 1, 2021, Defendant SLSCO's prime contract with the Government was terminated for convenience and Defendant SLSCO forwarded termination for convenience notices to all of its subcontractors and suppliers as required which included Plaintiff Access Communications.

23. Defendant SLSCO failed to make timely payment to Plaintiff Access Communications for sums due and owing to Plaintiff Access Communications pursuant to the Subcontract, including, without limitation, sums due for labor and materials in carrying out the work provided for in the Subcontract.

24. Despite Plaintiff Access Communications' repeated requests for payment, to date neither Defendant SLSCO nor Defendant Sureties have paid Plaintiff Access Communications for the remaining balance for work performed under the Subcontract.

25. On or about July 28 2021 within ninety (90) days after the last performance of the work, Plaintiff Access Communications served its Notice of Claim upon Defendant SLSCO and Defendant Sureties.

26. This action is brought within one (1) year after the day on which the last of the labor was performed or material was supplied to the Project by Plaintiff Access Communications.

27. All conditions precedent to this action have been performed or have occurred.

28. Plaintiff Access Communications retained the undersigned attorneys to prosecute this action on its behalf and is obligated to pay a reasonable fee for the attorney's services. Plaintiff Access Communications is entitled to recover its reasonable attorneys' fees incurred herein

pursuant to 40 U.S.C. Section 3131, *et seq.*, the terms of the Payment Bonds and the terms of the Subcontract.

## COUNT I
## VIOLATION OF THE MILLER ACT AND
## CLAIM AGAINST PAYMENT BOND
**(Defendant SLSCO and Defendant Sureties)**

29. Plaintiff Access Communications re-alleges and incorporates by reference paragraphs 1 through 28 stated above as if fully set for in this Count.

30. This is an action against Defendant SLSCO and Defendant Sureties for payment on a Payment Bonds pursuant to 40 U.S.C. Section 3131, *et seq.*, the terms of the Payment Bonds and the terms of the *Master Services Agreement* and *Purchase Orders*. [*See Exhibit "A", Master Services Agreement*; *Exhibit "B", Purchase Orders*].

31. Plaintiff Access Communications is a proper claimant under the Payment Bonds issued by Defendant Sureties for the Project in that it was a subcontractor to Defendant SLSCO, and this action is brought before the expiration of one year from the date Plaintiff Access Communications last performed work on the Project.

32. Plaintiff Access Communication performed all legal and contractual obligations required of it pursuant to *Master Services Agreement* and *Purchase Orders*, through the date of its termination. [*See Exhibit "A", Master Services Agreement*; *Exhibit "B", Purchase Orders*].

33. Defendant SLSCO has failed to pay the sums due and owing to Plaintiff Access Communications pursuant to the *Master Services Agreement* and *Purchase Orders*, including, without limitation, sums due for labor and materials in carrying out the work provided for the in the *Master Services Agreement* and *Purchase Orders*. [*See Exhibit "A", Master Services Agreement*; *Exhibit "B", Purchase Orders*].

34. Plaintiff has suffered damages in the amount owed under the *Master Services Agreement* and *Purchase Orders*. [*See* Exhibit "A", *Master Services Agreement*; Exhibit "B", *Purchase Orders*].

35. Plaintiff has requested, but Defendant SLSCO and Defendant Sureties have failed and refused to pay to Plaintiff Access Communications the amount due to it by Defendant SLSCO and secured by the Payment Bonds issued by Defendant Sureties.

36. The failure of Defendant SLSCO and/or Defendant Sureties to pay Plaintiff Access Communications the sums due and owing to Plaintiff Access Communications pursuant to the *Master Services Agreement* and *Purchase Orders*, including, without limitation, sums due for labor and materials in carrying out the work provided for in the *Master Services Agreement* and *Purchase Orders*, is in violation of the terms of the Payment Bonds.

37. Pursuant to the Payment Bonds, Defendant Sureties are obligated to pay to Plaintiff Access Communications the sums due and unpaid by Defendant SLSCO under the *Master Services Agreement* and *Purchase Orders* plus interest and the attorney's fees and costs of this litigation. [*See* Exhibit "A", *Master Services Agreement*; Exhibit "B", *Purchase Orders*].

**Wherefore**, Plaintiff, The United States of America f/u/b, Access Communications Group, LLC, a Texas limited liability company, demands judgment against, Defendant SLSCO, Ltd., a Texas limited partnership, Defendant Hartford Fire Insurance Company, a Connecticut corporation, Defendant Hartford Casualty Insurance Company, a Connecticut corporation, and Defendant Travelers Casualty and Surety Company, a Connecticut corporation, jointly and severally, for the principal amount of damages alleged herein, plus interest and the attorney's fees and costs of this litigation, and for such other relief as this Honorable Court deems just and equitable.

## REQUEST FOR JURY TRIAL

THE UNITED STATES OF AMERICA f/u/b, ACCESS COMMUNICATIONS GROUP, LLC respectfully requests rial by jury of all issues so triable.

Dated: April 29, 2022.

                                      Respectfully submitted,

                                      **SCOTTHULSE PC**
                                      One San Jacinto Plaza
                                      201 E. Main Drive
                                      El Paso, Texas  79901
                                      (915) 533-2493
                                      (915) 546-8333 Telecopier

                          By:  */s/ James M. Feuille*
                                      **JAMES M. FEUILLE**
                                      State Bar No. 24082989
                                      jfeu@scotthulse.com
                                      *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 29th day of April, 2022 I electronically filed the foregoing through the Portal.

                                      */s/ James M. Feuille*
                                      **JAMES M. FEUILLE**